UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          v.<br><br>DANIEL AGUILAR,<br>ROBERTO SOLORIO and<br>RICARDO ESTRADA,<br>          Defendants, | CRIMINAL ACTION<br>NO. 04-1732-CBS |

**MEMORANDUM OF PROBABLE CAUSE AND**
**ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
**June 4, 2004**

**SWARTWOOD, M.J.**

I. Nature of the Offense and the Government's Motion

On May 3, 2004, a Criminal Complaint was filed, charging Daniel Aguilar ("Mr. Aguilar"), Roberto Solorio ("Mr. Solorio") and Ricardo Estrada ("Mr. Estrada")(collectively "Defendants") and another, with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846.

At the initial appearance of the Defendants named in this Complaint on May 3, 2004, they were each advised of their right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Defendants are

charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), and (f)(2)(A)(risk of flight). The matter was then continued to May 5, 2004 for a consolidated probable cause/detention hearing and then further continued to May 24, 2004 for such a hearing. The fourth Defendant, Luz Luciano, a/k/a Chila, is scheduled to a later date for a separate probable cause/detention hearing.

On May 24, 2004, Messrs, Aguilar, Solorio and Estrada appeared for a consolidated probable cause/detention hearing and at that hearing, Jean Drouin, Special Agent with the Drug Enforcement Administration ("DEA"), testified on behalf of the Government and was cross-examined by Defendants' counsel.

## II. Findings of Fact

1. Special Agent Drouin is the case agent in connection with an investigation concerning the distribution of multiple kilograms of cocaine in the North Shore area of Massachusetts. This investigation commenced in January 2003 and concluded on May 1, 2004 with the arrest of more than twenty defendants. During this investigation, Special Agent Drouin and other law enforcement officials involved in this investigation, used informants, undercover agents, global positioning systems ("GPS") on four automobiles, surveillance of individuals and locations, Department of Motor Vehicles ("DMV") photographs for identification of individuals involved in this investigation, recorded and monitored

controlled purchases of cocaine and Title III wire intercepts on approximately twenty-one telephones.

2. Primarily as a result of wire intercepts, law enforcement officials were alerted that a multi-kilogram load of cocaine was to be delivered in late April or early May 2004 to the organization which was the subject of this investigation. Following up on these wire intercepts, law enforcement officials arrested over twenty defendants which the Government alleges were involved in a conspiracy to distribute multiple kilograms of cocaine in the North Shore of Massachusetts. As a result of these arrests, approximately 50 kilograms of cocaine and a substantial amount of cash were seized.

3. Andres Martinez is alleged to be one of the principals of this organization for the distribution of cocaine in the North Shore area of Massachusetts. On May 1, 2004, video surveillance at Mr. Martinez' residence at 172 Lake Street, Peabody, Massachusetts, observed three people exit the residence and depart that residence in two different vehicles: a yellow Cadillac sedan and a silver Ford truck. Mr. Solorio was later identified by law enforcement officials as the driver and Mr. Aguilar as a passenger in the yellow Cadillac when it eventually arrived at the Countryside Motel in Peabody, Massachusetts. Mr. Martinez was later identified as the driver of the silver Ford truck. <u>Govt. Ex. 1</u>.

4. Shortly after the yellow Cadillac arrived at the Country Side Motel, Mr. Aguilar registered for a room at the motel and Mr.

Solorio joined Mr. Martinez in the Ford truck which was also observed by law enforcement officials at the Country Side Motel <u>Id.</u>

5.  In the early morning hours of May 1, 2004, Mr. Estrada was identified as the driver of an 18 wheel tractor trailer who had parked his truck and trailer at the County Side Motel and who had registered for a room at the motel.  Mr. Estrada was observed leaving the tractor trailer, pulling behind him on wheels, a large, black suitcase and going into his motel room.  <u>Id.</u>

6.  Eventually, Mr. Aguilar left the motel room he had rented, entered the yellow Cadillac and backed it up to the doorway of the motel room rented by Mr. Estrada.  Law enforcement officials then observed Mr. Aguilar putting two black suitcases into the trunk of the yellow Cadillac and then drive the yellow Cadillac, with a female passenger to 6 Endicott Street, in Danvers, Massachusetts.  After Mr. Aguilar arrived at 6 Endicott Street, Messrs. Martinez and Solorio then arrived and after a while, Messrs. Aguilar and Solorio attempted to leave 6 Endicott Street in the yellow Cadillac, but were stopped by law enforcement officials. Thereafter, Mr. Martinez and the female were arrested and after all four individuals were secured, law enforcement officials discovered approximately 50 kilograms of cocaine in two black suitcases on the living room floor at 6 Endicott Street.

III.  <u>Probable Cause</u>

There are sufficient facts for me to find probable cause that Mr. Estrada delivered approximately 50 kilograms of cocaine to Mr. Martinez and his associates at the Country Side Motel, in Peabody, Massachusetts. Numerous wire intercepts and the discovery of a relevant cell phone number in Mr. Estrada's truck supports this finding. There are also sufficient facts for a finding of probable cause that Messrs. Solorio and Aguilar, who were involved in retrieving the black suitcases containing cocaine from Mr. Estrada's motel room and being present at 6 Endicott Street where the two black suitcases were found containing approximately 50 kilograms of cocaine. Therefore, I find that there is probable cause for the offense of conspiracy to possess with intent to distribute a substantial amount of cocaine charged against these three individuals in this Criminal Complaint.

### IV. Detention

#### A. Mr. Solorio

After a further hearing on June 1, 2004, I released Mr. Solorio on conditions.

B.  <u>Mr. Aguilar</u>

Mr. Aguilar's hearing with respect to detention was continued to June 1 and then to June 2, 2004.  On this latter date, Mr. Aguilar assented to an Order of Detention, but reserved his right to reopen the detention hearing, by motion, to present further evidence concerning conditions for his release.

C.  <u>Mr. Estrada</u>

The detention hearing concerning Mr. Estrada was continued to June 1 and then to June 3, 2004.  On this latter date, after a brief hearing, Mr. Estrada's counsel requested a further continuance of the detention hearing.  I granted that request and continued the hearing on the issue of Mr. Estrada's detention to June 21, 2004, at 2:00 p.m., in Courtroom 16, Fifth Floor, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts.

V.  <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.  That Mr. Aguilar be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Mr. Aguilar be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Aguilar is detained and confined shall deliver Mr. Aguilar to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE